# Exhibit A

**The Arbitration Tribunals of the**
**American Arbitration Association**

| | |
|---|---|
| CINTAS CORPORATION,<br><br>Claimant,<br><br>v.<br><br>BRIAN BROSNAN,<br><br>Respondent. | **Subpoena**<br><br>AAA Case No. 01-25-0002-1633<br>Arbitrator: Paul Holtzman |

FROM THE COMMONWEALTH OF MASSACHUSETTS

TO: ImageFIRST Healthcare Laundry Specialists, LLC
900 E. Eight Ave., Suite 200
King of Prussia, PA 19406

GREETINGS:

You are hereby commanded to produce, no later than fourteen (14) days after the date of service hereof, at the offices of Jackson Lewis P.C., 75 Park Plaza, 4th Floor, Boston, MA 02116, or by electronic mail to Nicholas.Armington@jacksonlewis.com, true and correct copies of the documents identified in **Exhibit A**. The Stipulated Protective Order in effect in this Arbitration is attached hereto as **Exhibit B**.

This subpoena is issued at the request of Claimant Cintas Corporation in the arbitration captioned Cintas Corp. v. Brosnan, AAA Case No. 01-25-0002-1633 ("Arbitration"), pending before the authority of the Hon. Paul Holtzman, Arbitrator, acting under the arbitration law of this state, at American Arbitration Association.

**Please produce all documents in accordance with the attached Exhibit "A." Compliance with this Subpoena Duces Tecum can be satisfied by mailing or emailing the responsive documents to the address below in lieu of appearance.**

Signed: *Paul Holtzman*
Arbitrator Paul Holtzman,

Date: May 25, 2026

Requested By: Cintas Corporation
*/s/ Nicholas Armington*, May 18, 2026
Nicholas Armington
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor

Boston, MA 02116
Nicholas.Armington@jacksonlewis.com

**SUBPOENA**

**EXHIBIT A**

## I. INSTRUCTIONS

a. **YOUR APPEARANCE IS NEITHER REQUESTED NOR REQUIRED.** Please produce the documents specified in Part III, via regular mail, to Jackson Lewis P.C., 75 Park Plaza, 4th Floor, Boston, MA 02116, or by electronic mail to Nicholas.Armington@jacksonlewis.com, **IN LIEU OF APPEARANCE.** If you do not understand these instructions, need more information, or wish to make arrangements to produce these records by other means, please contact Nicholas Armington at (617) 305-1241 or Stephen Paterniti at (617) 305-1221.

b. YOU MUST PRODUCE THESE DOCUMENTS no later than fourteen (14) days from the date of service hereof PURSUANT TO THIS SUBPOENA.

c. Please forward any copy charges for these documents to the attention of Nicholas Armington, Jackson Lewis P.C., 75 Park Plaza, 4th Floor, Boston, MA 02116.

d. The production of electronically stored information shall be as follows:

i. **TIFFS**. Responsive documents produced as electronic documents shall be produced as single page Group IV TIFFs, with at least 300 dots per inch (dpi) or as jpeg documents. Each TIFF image file shall be one page branded with the Bates number and confidentiality designation for that page, and named according to the unique Bates number, followed by the extension ".TIF". Original document orientation should be maintained (i.e., portrait to portrait and landscape to landscape). To the extent possible, converted hard copy documents shall show all text and images that would be visible to a user of the hard copy documents. To the extent a document cannot be properly imaged according to these instructions, Claimant requests the production of the native file.

ii. **TEXT FILES**. To the extent possible, text files shall be provided along with the image files for each responsive document. Any optical character recognition "OCR" or text files created for use by ImageFIRST shall be provided to the Claimant. OCR of hard copy documents shall be provided by using a commercially acceptable technology for OCR. Created OCR text shall be provided as a single text file for each responsive document, and the filename itself should match its respective TIFF filename. The text files will not contain the redacted portions of the documents.

iii. **DATABASE LOAD FILES/CROSS-REFERENCE FILES**. Responsive Documents shall be provided with (a) an ASCII delimited data file (.txt, .dat, or .csv), and (b) an image load file that can be loaded into commercially acceptable production software (e.g., Concordance, Summation). Each TIFF in a production must be referenced in the corresponding image load file. The total number of documents referenced in a production's data load file shall match the total number of designated document breaks in the Image Load file(s) in the production.

## II. DEFINITIONS

1. The words "Claimant" or "Cintas" shall mean Cintas Corporation, and where applicable, its owners, officers, directors, partners, agents, employees, consultants, representatives, divisions, subsidiaries and affiliates.

2. The words "Respondent" or "Brosnan" shall mean Respondent Brian Brosnan and anyone acting on his behalf.

3. The words "ImageFIRST," "you," or "your" shall mean the current employer of Brosnan, ImageFIRST Healthcare Laundry Specialists, LLC, and where applicable, its owners, officers, directors, partners, agents, employees, consultants, representatives, divisions, subsidiaries and affiliate.

4. The words "document" or "documents" as used herein are to be given the broadest possible meaning under applicable law and shall mean the original and each non-identical copy of any kind of written, handwritten, printed, typewritten, recorded or graphic matter, including originals, drafts, copies, confirmation copies, and copies which are not exact duplicates of originals. The words "document" or "documents" further include, without limitation, telegrams, cables, telex messages, electronic mail, voice mail, memoranda, notes, notations, work papers, transcripts, exhibits, minutes, reports and recordings of telephone or other conversations, or of interviews, or of conferences or other meetings, affidavits, statements, summaries, opinions, reports, studies, analyses, evaluations, books, manuals, instructions,

financial statements or reports, price books, records, notices, receipts, pamphlets, magazines, newspapers, inventory books, prospectuses, inter-office and intra-office communications, bulletins, printed matters, invoices, bills, accounts, estimates, projections, press releases, circulars, reviews, opinions, offers, studies and investigation questionnaires and surveys, confirmations, contracts, agreements, journals, statistical records, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound or video recordings, computer printouts, data processing input and output, microfilms, photographs, charts, graphs, videotape, all other records kept by electronic, photographic or mechanical means, and things similar to any of the foregoing, however denominated.

5. The words "identify" or "identity" as used herein shall mean, with respect to persons, to state the full name, present or last known address, current or last known employment and position or title therein, and telephone number; and with respect to documents, said words shall mean to state the general nature of the document (for example, letter, email, telegram, photograph or memorandum), the date, the author, the addressee, and the location and custodian of the document.

6. The term "state the basis" as used herein shall mean to state all facts and law applicable to the subject matter of the interrogatory and further to identify all persons with knowledge of and documents which relate in any way to the subject matter of the interrogatory.

7. The word "communication" as used herein shall mean each and every disclosure, transfer or exchange of information, whether oral or in writing, and whether in person, by telephone, by mail or otherwise, including, but not limited to, discussions, meetings, statements, negotiations, inquiries, requests, notices, responses, demands or complaints.

8. The word "and" as used herein shall mean "and/or."

9. The word "including" means including, but not limited to.

10. The term "relating to" (or any form of the word "relate") as used herein shall mean, without limitation, constituting or evidencing and directly or indirectly concerning, regarding, mentioning, discussing, commenting upon, referring to, pertaining to, being connected with or reflecting upon the stated subject matter.

11. The word "person" as used herein shall include natural persons, corporations, companies, partnerships, limited partnerships, firms, proprietorships, joint ventures and any other type of legal entity.

## III. DOCUMENTS TO BE PRODUCED

Please produce the following documents and electronically stored information in the possession, custody, or control of ImageFIRST:

1. All documents constituting Brosnan's personnel file.

2. All documents sufficient to show Brosnan's role, job title, duties, and responsibilities at ImageFIRST.

3. All documents and communications relating to ImageFIRST's recruitment, consideration, and hiring of Brosnan, including but not limited to documents reflecting the decision-making process, criteria, or reasons for hiring Brosnan.

4. All documents sufficient to show the compensation and/or remuneration that Brosnan has received or could receive from ImageFIRST.

5. All Cintas-related documents that Brosnan disclosed or provided to ImageFIRST.

6. All Cintas-related documents Brosnan kept, maintained, stored and/or electronically saved at ImageFirst.

7. All documents Brosnan created or edited at ImageFIRST.

8. All documents Brosnan accessed at ImageFIRST that were created following Brosnan's start date at ImageFIRST.

9. All documents and materials relating to sales activities and other work performed by Brosnan on behalf of ImageFIRST, including any presentations, proposals, or marketing materials related to same.

10. All documents sufficient to identify each customer or prospective customer with whom Brosnan communicated or to whom Brosnan sold products or services while employed by ImageFIRST.

11. All documents sufficient to identify all current and former ImageFIRST customers during Brosnan's period of employment.

12. All documents and communications concerning ImageFIRST's actual or potential competition with Cintas, including identification of particular customers or potential customers for which ImageFIRST and Cintas are competing, the products or services with respect to which ImageFIRST and Cintas are competing, and related competitive analyses, strategy documents, and communications.

13. All documents sufficient to identify, reflect, or describe the ImageFIRST products and services for which Brosnan has or will have direct or indirect oversight, administration and/or responsibility at ImageFIRST.

14. All documents sufficient to identify Brosnan's participation, input, or involvement in any customer solicitations, including but not limited to, each customer and prospective customer with which Brosnan has communicated in any way, and any bids, proposals, and quotes furnished with respect to any such customer or prospective customer.

15. All documents sufficient to identify Brosnan's participation, input, or involvement in any solicitation, recruitment, communication, and/or hiring, or any attempted solicitation, recruitment and/or hiring, of any current or former Cintas employee.

# EXHIBIT B

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| CINTAS CORPORATION,<br>*Claimant*,<br>v.<br>BRIAN BROSNAN,<br>*Respondent*. | AAA Case No. 01-25-0002-1633 |
| BRIAN BROSNAN,<br>*Counterclaimant*,<br>v.<br>CINTAS CORPORATION,<br>*Counterclaim-Respondent*. | |

**STIPULATED PROTECTIVE ORDER**

Claimant / Counterclaim-Respondent Cintas Corporation and Respondent / Counterclaimant Brian Brosnan, by and through counsel, hereby stipulate and agree to the following Protective Order to be entered in this arbitration before the American Arbitration Association ("AAA").

**1. CONFIDENTIAL INFORMATION**

This Order shall apply to all documents, materials, things or information produced during the course of this action, including depositions, productions of documents, answers to interrogatories, and all other discovery taken in this arbitration, as well as testimony adduced at hearing, matters in evidence and any other information that shall in good faith be designated by the party or person producing it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY": (a) for documents, in a conspicuous manner on each page or section of text that

warrants protection, before production to the opposing party, the Arbitrator or the AAA; (b) for testimony, as set forth herein; and (c) for any other alleged trade secret or similarly confidential and proprietary matter, in a manner appropriate to notify properly the opposing party, the Arbitrator or the AAA that the matter is subject to the provisions of this Order.

For purposes of this Order, "CONFIDENTIAL" information means information in written, oral, electronic, graphic/pictorial, audiovisual, or other form, whether it be a document, recording, photograph, or electronically stored information ("ESI"), information contained in a document, information revealed during a deposition, information revealed in a hearing, information revealed in an interrogatory answer, or otherwise produced during discovery: (a) that is in good faith designated as such by the producing party; and (b) that, as claimed by the producing party, constitutes or contains a trade secret or other confidential research, development or commercial information, including, but not limited to: proprietary technical data regarding current or future commercial products; present or future marketing plans; pricing policies; customer lists; product profit data and projections; personal or private information; confidential financial data of the parties; and improved products currently in design, that have been maintained by the producing party as confidential business or trade secret information.

"CONFIDENTIAL – ATTORNEYS' EYES ONLY" information means "confidential" information that comprises highly sensitive personal information, proprietary information, or competitively sensitive information, such that its disclosure to persons other than those enumerated in Section 2(b) could cause irreparable competitive or other injury to the producing party, including but not limited to detriment to the party's reputation (personal or professional). The designation of information as "CONFIDENTIAL

– ATTORNEYS' EYES ONLY" should be used sparingly.

## 2. **PERMITTED DISCLOSURE**

a. Any information that is designated as "CONFIDENTIAL" by the party or person producing it, shall not be disclosed to any person other than the following:

i. the parties;

ii. the Arbitrator and appropriate AAA personnel;

iii. outside counsel of record for the parties and counsel for ImageFIRST Healthcare Laundry Specialists, LLC and counsel for Cintas Corporation ;

iv. members of the legal, paralegal, secretarial, or clerical staff of outside counsel and of the Arbitrator who are assisting in or responsible for working on this arbitration;

v. outside experts for the parties as permitted in Section 5 herein;

vi. court reporters during depositions in which confidential material is marked;

vii. deponents during depositions in which such material is marked;

viii. the author or recipient of the document (not including a person who received the document in the course of litigation);

ix. contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors and independent contractors hired to process electronically stored documents; and

x. a witness who has been noticed or subpoenaed for deposition or appearance in this action to the extent reasonably necessary for the preparation for giving of the witness's testimony about information that is designated as "CONFIDENTIAL," but that the witness shall not be permitted to retain any such documents or things or any copies thereof unless otherwise authorized to receive such information under this Order;

b. Any information that is designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any party or any person other than the following:

i. outside counsel of record for the parties;

ii. the Arbitrator and appropriate AAA personnel;

iii. members of the legal, paralegal, secretarial or clerical staff of outside counsel and of the Arbitrator who are assisting in or responsible for working on this arbitration;

iv. outside experts for the parties as permitted in Section 5 herein;

v. court reporters during depositions in which confidential material is marked;

vi. deponents during depositions in which such material is marked;

vii. the author or recipient of the document (not including a person who received the document in the course of litigation); and

viii. contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors and independent contractors hired to process electronically stored documents.

c. Disclosure to those persons listed in Sections 2(a)(v), (ix), and (x) and 2(b)(iv), (vi), and (viii) may not be made until the person to whom disclosure is to be made is given a copy of this Order and signs a copy of the Confidentiality Agreement in the form attached hereto as Exhibit A, as executed by the individual who will be reviewing the disclosed information. The attorneys for the party that discloses the information to those persons listed in Sections 2(a) and (b) shall keep in their possession all signed Confidentiality Agreements.

The provisions of this Section 2 shall survive final termination of this action.

**3. DEPOSITIONS**

A party may designate any portion of a deposition containing Confidential Information (as defined above) as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by either (a) so stating on the record at the time testimony is given, or (b) by written notice to all outside counsel within 30 calendar days after a deponent or their counsel receives a copy of the final deposition transcript (in which case all individuals who received that transcript shall mark as appropriate the copies of the transcript in their possession). Unless

otherwise agreed to in writing by the parties or ordered by the Arbitrator, all depositions shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" until 30 calendar days after a deponent or their counsel receives a copy of the final deposition transcript.

**4. USE FOR THIS ACTION**

Any person receiving information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" pursuant to discovery in this arbitration shall make no use or disclosure of such information, directly or indirectly, except for the purposes of presenting claims or defenses in this arbitration and may not use or disclose this information in any other case or dispute or for any other purpose whatsoever.

**5. EXPERTS**

Information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS EYES ONLY" may be given to an outside expert retained by a party, or its attorneys of record in this arbitration, to assist in the preparation and hearing of this arbitration (and only when essential to the expert's activities in connection therewith); provided that such outside experts: (a) are not currently officers, directors, employees, consultants or agents of any party; and (b) have signed the Confidentiality Agreement in the form set forth in Exhibit A. For any expert who receives information designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY before being designated as a testifying expert, the party retaining such expert shall retain a copy of the Confidentiality Agreement set forth in Exhibit A signed by such expert, but shall not be required to serve a copy of that Agreement on the other parties until such expert is designated as a testifying expert.

**6. MAINTAIN CONFIDENTIALITY**

Nothing in this Order shall act to prevent a receiving party from using any information

designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS EYES ONLY" during depositions or in connection with papers filed with the AAA in this action, as long as such party maintains the confidentiality of that information in accordance with the other provisions of this Order. "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS EYES ONLY" information may be used or disclosed by the receiving party to a witness only as explicitly and expressly permitted by this Order.

**7. AFTER TERMINATION OF ACTION**

a. Within sixty (60) days after final termination of this arbitration, including appeals or expiration of the time in which to appeal, "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS EYES ONLY" information protected under this Order, including copies, shall be returned to the designating party, or destroyed by the recipient, at the recipient's option, provided, however, that counsel for the receiving party shall be entitled to retain a copy of "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS EYES ONLY" information in its files. After the sixty (60) day period, if requested by any party, any person subject to this Order shall within fourteen (14) days of the request certify in writing that all "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS EYES ONLY" information required to be destroyed or returned has been destroyed or returned.

b. **Retention of Work Product.** In addition to retaining a copy of "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS EYES ONLY" information in its files, counsel may also retain attorney work product that refers or relates to designated information. Any retained "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS EYES ONLY" information shall continue to be protected under this Order. An attorney may use his or

her work product in subsequent litigation, provided that its use does not disclose or use "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS EYES ONLY" information.

**8. PUBLIC KNOWLEDGE**

The restrictions set forth in this Order shall not apply to information or material that:

i. Was, is or becomes public knowledge, not in violation of this Order;

ii. Is acquired lawfully by the non-designating party from a third party (which does not include any employee of either party);

iii. Was lawfully possessed by the non-designating party before entry by the Arbitrator of this Order;

iv. Was independently developed by the non-designating party without resort to information or material produced by the producing party; or

v. Is determined by the Arbitrator to fall outside of the protections afforded by the AAA and/or applicable law.

**9. CHALLENGE TO CONFIDENTIALITY DESIGNATION**

No party to the action shall be deemed, by treating information as confidential, to have conceded that the information actually is confidential. If any party objects to a confidentiality designation, that party shall notify the designating party of the objection in writing, specifying the material in dispute (*i.e.*, by Bates Number or other means) (the "Notice"), and engage in a meet and confer. If the issue is not resolved through such conference, within 14 calendar days of receiving the Notice, the designating party shall provide a written response either agreeing to remove the confidentiality designation with respect to those materials or stating the basis for the designation. If the dispute is not fully resolved, the designating party shall serve or file an appropriate motion in this proceeding, within 20 calendar days of receiving the Notice, to determine the propriety of the designation. Pending the resolution of the motion, the disputed material shall be treated as designated.

The provisions of this Order shall apply to each item of information designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" until otherwise agreed by counsel of record for the parties or by order of the Arbitrator.

**10. EXCLUSION OF INDIVIDUALS**

Counsel for any party may exclude from the room at a deposition or other discovery proceeding any person (other than the witness then testifying) who is not authorized under this Order, during any questioning that involves confidential information. Confidential information shall not be disclosed to the witness then testifying except in conformity with the provisions of this Order, including the requirement that the testifying witness agree to be bound by the terms of this Order (unless already bound by this Order) by executing the Confidentiality Agreement set forth in Exhibit A.

**11. ATTORNEY ADVICE BASED ON CONFIDENTIAL INFORMATION**

Nothing in this Order shall bar or otherwise restrict any attorney of record from rendering advice to his or her client with respect to this arbitration and, in the course thereof, from referring to or relying in a general way upon his or her examination of any "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall make no disclosure of the contents or the source of any "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information if such disclosure would be contrary to the terms of this Order.

**12. INADVERTENT FAILURE TO DESIGNATE**

An inadvertent failure to designate information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information does not, standing alone,

waive the right to so designate the information. If a party designates information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information after it is initially produced, every person or entity who has received such documents, on notification of the designation, must make a reasonable effort to assure that the document, as newly designated, is treated in accordance with the provisions of this Order.

**13. THIRD PARTY DESIGNATIONS**

Third parties who produce documents in this case, pursuant to subpoenas or otherwise, may obtain the benefits of this Order by designating information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" as provided herein.

**14. INADVERTENT DISCLOSURE OF PRIVILEGED DOCUMENTS**

Neither the attorney-client privilege nor work product protection is waived by inadvertent disclosure connected with this litigation. A party who has inadvertently produced documents protected by the attorney-client privilege or work product doctrine shall promptly give written notice to counsel for the receiving party once the inadvertent disclosure is discovered. Immediately upon receipt of notice, and without further substantive review of the document, the receiving party (and any other person or entity who has received the documents at issue) shall return and/or destroy all copies of the documents and provide written notice of such action, even if the receiving party disputes the assertion of privilege. The receiving party is also responsible for notifying any other person or entity to whom the receiving party disclosed such documents of the inadvertent disclosure and of that person or entity's obligation to return and/or destroy all copies of the documents (and to not review such documents) and provide written notice of the same.

**15. INFORMATION SUBPOENAED IN OTHER LITIGATION**

a. If a recipient of information designated "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" is served with a subpoena or an order issued in other litigation that would compel disclosure of any such information, the recipient must so notify the designating party, in writing, immediately and in no event more than three (3) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b. Such recipient also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the recipient must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

c. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidential information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by the other party to this case.

**16. RESERVATION OF RIGHTS**

a. Nothing contained in this Order shall be construed as a basis to avoid discovery of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, or be

construed as a basis to prevent any party from interposing an objection to a request for discovery.

b. By stipulating to this Order, the parties do not waive any applicable privileges and reserve the right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges.

c. The designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be admissible in any proceeding as evidence that the materials in fact contain confidential information.

d. Nothing in this Order is intended to or may be construed as limiting the parties from using information gained in discovery or otherwise at the hearing of this matter.

**17. RIGHT TO FURTHER RELIEF**

Nothing in this Order abridges the right of any party to seek its modification by the Arbitrator in the future.

**IT IS SO ORDERED.**

Date: May 5, 2026

Paul Holtzman

Arbitrator Paul Holtzman

AGREED TO:

CINTAS CORPORATION

By its attorneys:

*/s/ Stephen T. Paterniti*
Stephen T. Paterniti
Eve R. Keller
Natalya R. Minoff
Nicholas W. Armington
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116

BRIAN BROSNAN

By his attorneys:

*/s/ Stephen Riden*
Stephen Riden
Beck Reed Riden LLP
155 Federal Street, Suite 1302
Boston, Massachusetts 02110

**EXHIBIT A**

**AMERICAN ARBITRATION ASSOCIATION**

| | |
|---|---|
| CINTAS CORPORATION,<br>*Claimant,*<br>v.<br>BRIAN BROSNAN,<br>*Respondent.* | AAA Case No. 01-25-0002-1633 |
| BRIAN BROSNAN,<br>*Counterclaimant,*<br>v.<br>CINTAS CORPORATION,<br>*Counterclaim-Respondent.* | |

**CONFIDENTIALITY AGREEMENT**

I have read the Stipulated Protective Order concerning the confidentiality of information in the above-captioned arbitration. I understand that the Stipulated Protective Order is an order designed to preserve the confidentiality of certain information. I also understand that the Stipulated Protective Order restricts the use, disclosure and retention of confidential information and also requires the safeguarding and return of documents and other materials containing confidential information. The undersigned submits to the jurisdiction of the American Arbitration Association in matters relating to the Stipulated Protective Order. I agree to comply with all provisions of the Protective Order with respect to any information designated

confidential that is furnished to me.

Date: ____________________

Signature: ___________________

Printed name: ____________________