# Exhibit C

## American Arbitration Association

| | | |
|---|---|---|
| CINTAS CORPORATION,<br><br>Claimant,<br><br>v.<br><br>BRIAN BROSNAN,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **NON-PARTY IMAGEFIRST HEALTHCARE LAUNDRY SPECIALISTS, LLC'S RESPONSES AND OBJECTIONS TO CINTAS CORPORATION'S REQUESTS FOR DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM**<br><br>AAA Case Number 01-25-0002-1633 |

Non-Party ImageFIRST Healthcare Laundry Specialists, LLC hereby responds to Claimant Cintas Corporation's Requests for Documents Pursuant to Subpoena Duces Tecum.

### I. GENERAL OBJECTIONS

1. ImageFIRST objects to each request in the Subpoena to the extent it seeks information and documents which constitute or contain proprietary, confidential business, financial, trade secret, and/or commercially sensitive information.

2. ImageFIRST objects to each request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or doctrine.

3. ImageFIRST objects to each request to the extent it seeks information that is not proportional to or is beyond the scope of the issues raised in Claimant's Demand for Arbitration.

4. ImageFIRST objects to each request to the extent it seeks information protected from disclosure by any constitutional, statutory, or common law right to privacy.

5. ImageFIRST objects to the definitions contained in the requests to the extent they seek to impose conditions, obligations, or duties on ImageFIRST beyond those required by the Federal Arbitration Act and Federal Rule Civil Procedure 45.

6. ImageFIRST objects to each request on the ground that it seeks documents that are not material to the arbitration. *See* 9 U.S.C.S. § 7 (limiting an arbitrator's authority to require a witness to produce records at a hearing which "may be deemed material as evidence in the case"); *Me. Cmty. Health Options v. CVS Pharmacy, Inc.*, No. 20-10JJM, 2020 U.S. Dist. LEXIS 40313, at *11 (D.R.I. Mar. 9, 2020) (recognizing that material evidence standard under Section 7 of the FAA displaces the traditional relevancy standard under Fed. R. Civ. P. 26(b)(1)). Because the requests do not seek specific documents known, or reasonably believed, to exist, the subpoena and each of the requests are nothing more than an improper fishing expedition that exceeds the permissible scope of third-party subpoenas under Section 7 of the FAA. *See Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*, 244 F.3d 189, 193 (1st Cir. 2001) (affirming motion to quash subpoenas under Fed. R. Civ. P. 26(b)(1)'s more lenient relevancy standard because the court "will not allow [defendant] to go on a fishing expedition, with the mere hope that it will obtain" potentially relevant information) (internal quotations omitted).

7. ImageFIRST objects to each request on the ground that, as written, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. Because the potential probative value of the discovery sought in each request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST, the subpoena and each of its requests are patently improper. *See, e.g., In re Asacol Antitrust Litig., Civil Action No. 15-12730-DJC*, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017) ("concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs").

8. ImageFIRST objects to the subpoena in its entirety on the ground that the subpoena is an improper pre-hearing discovery subpoena prohibited by Section 7 of the Federal Arbitration

Act. *See* 9 U.S.C.S. § 7; *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 407 (3d Cir. 2004) ("Section 7's language unambiguously restricts an arbitrator's subpoena power to situations in which the non-party has been called to appear in the physical presence of the arbitrator and to hand over documents at that time"). The subpoena is therefore invalid and of no force and effect.

9. ImageFIRST objects to the subpoena in its entirety on the ground that the subpoena was not properly served on ImageFIRST in compliance with Fed. R. Civ. P. 45(b)(1). The subpoena is therefore invalid and of no force and effect.

10. ImageFIRST objects to the subpoena in its entirety on the grounds that the subpoena demands the production of documents at a location more than 100 miles of where such documents are located in violation of Fed. R. Civ. P. 45(c)(2). The subpoena is therefore invalid and of no force and effect.

## II. RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST NO. 1:**

All documents constituting Brosnan's personnel file.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential information that is protected by the right to privacy or that otherwise deserves protection from public disclosure. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request on the ground that "personnel file" is not defined or delimited, thereby rendering the request vague and ambiguous.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST will produce documents in Respondent's personnel file that reflect Respondent's position and job duties with ImageFIRST. ImageFIRST will produce such documents at the arbitration hearing upon: (i) Cintas and ImageFIRST agreeing to the terms of an amended protective order; and (ii) the arbitrator's entry of that order before the hearing.

**REQUEST NO. 2:**

All documents sufficient to show Brosnan's role, job title, duties, and responsibilities at ImageFIRST.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it is vague and ambiguous in its request for "all documents" that are "sufficient to show" Respondent's job duties and responsibilities with ImageFIRST. ImageFIRST further objects to this request because it does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request does not seek documents that Claimant knows or reasonably believes to exist, but rather calls for ImageFIRST to review and consider for production virtually every email, message, other communication, word processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by Brosnan during his entire employment with ImageFIRST because such documents may tangentially or indirectly demonstrate Brosnan's role, job title, duties, or responsibilities during his employment. The potential probative value of the

discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig., Civil Action No. 15-12730-DJC*, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017). ImageFIRST further objects to this request to the extent it seeks disclosure of confidential information that is protected by the right to privacy or that otherwise deserves protection from public disclosure. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties in the arbitration.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST will agree to produce the job descriptions applicable to Respondent's positions with ImageFIRST. ImageFIRST will produce such documents at the arbitration hearing upon: (i) Cintas and ImageFIRST agreeing to the terms of an amended protective order; and (ii) the arbitrator's entry of that order before the hearing.

**REQUEST NO. 3:**

All documents and communications relating to ImageFIRST's recruitment, consideration, and hiring of Brosnan, including but not limited to documents reflecting the decision-making process, criteria, or reasons for hiring Brosnan.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential information that is protected by the right to privacy or that otherwise deserves protection from public disclosure. ImageFIRST further objects to this request because it does not describe the documents requested with sufficient

particularity. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties in the arbitration. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. *See, e.g., In re Asacol Antitrust Litig.,* Civil Action No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017). ImageFIRST further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or doctrine.

**REQUEST NO. 4:**

All documents sufficient to show the compensation and/or remuneration that Brosnan has received or could receive from ImageFIRST.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request because it is vague and ambiguous in its request for "all documents" that are "sufficient to show" Respondent's compensation with ImageFIRST. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it does not describe the documents requested with sufficient particularity. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties in the arbitration.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST will produce Respondent's offer letter containing Respondent's

compensation at the time he was hired by ImageFIRST. ImageFIRST will produce such documents at the arbitration hearing upon: (i) Cintas and ImageFIRST agreeing to the terms of an amended protective order; and (ii) the arbitrator's entry of that order before the hearing.

**REQUEST NO. 5:**

All Cintas-related documents that Brosnan disclosed or provided to ImageFIRST.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it is overly broad, vague, and ambiguous in its use of the phrases "Cintas-related documents" and "disclosed or provided." ImageFIRST further objects to this request because it does not describe the documents requested with sufficient particularity. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties in the arbitration.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST is not aware of any documents responsive to this request in its knowledge, possession, custody, or control. ImageFIRST states that it will consult with Respondent to determine whether he retained any Cintas documents or information after his employment with Cintas ended and whether he disclosed or provided any such documents to ImageFIRST. ImageFIRST will supplement its response to this request following its consultation with Respondent.

**<u>REQUEST NO. 6</u>:**

All Cintas-related documents Brosnan kept, maintained, stored and/or electronically saved at ImageFirst [*sic*].

**<u>RESPONSE</u>:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it is overly broad, vague, and ambiguous in its' request for all "Cintas-related documents." ImageFIRST further objects to this request because it is duplicative of request number 5, and cumulative and duplicative of discovery between the parties in the arbitration. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it seeks documents outside of ImageFIRST's knowledge, possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST is not aware of any documents responsive to this request in its knowledge, possession, custody, or control. ImageFIRST states that it will consult with Respondent to determine whether he retained any Cintas documents or information after his employment with Cintas ended and he has stored or saved such documents or information on ImageFIRST's systems. ImageFIRST will supplement its response to this request following its consultation with Respondent.

**<u>REQUEST NO. 7</u>:**

All documents Brosnan created or edited at ImageFIRST.

**<u>RESPONSE</u>:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request calls for ImageFIRST to produce virtually every email, message, other communication, word processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by Brosnan during his entire employment with ImageFIRST because such documents may have been directly or indirectly created or edited by Brosnan during his employment, regardless of whether any such document could be deemed material evidence in the arbitration. The potential probative value of the discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig., Civil Action No. 15-12730-DJC,* 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017). ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or doctrine. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties to the arbitration.

**REQUEST NO. 8:**

All documents Brosnan accessed at ImageFIRST that were created following Brosnan's start date at ImageFIRST.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request calls for ImageFIRST to review and consider for production virtually every email, message, other communication, word processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by Brosnan during his entire employment with ImageFIRST because such documents may have been "accessed" by Brosnan during his employment or created after his start date., regardless of whether any such document could be deemed material evidence in the arbitration. The potential probative value of the discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig.,* Civil Action No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017). ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information from a non-party. ImageFIRST further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, immunity, or doctrine. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties in the arbitration.

**<u>REQUEST NO. 9</u>:**

All documents and materials relating to sales activities and other work performed by Brosnan on behalf of ImageFIRST, including any presentations, proposals, or marketing materials related to same.

**<u>RESPONSE</u>:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request calls for ImageFIRST to review and consider for production virtually every email, message, other communication, word processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by Brosnan during his entire employment with ImageFIRST because such documents may tangentially or indirectly demonstrate materials relating to sales activities, sales activities themselves, or any other type of work performed by Brosnan during his employment, regardless of the whether the document could be material evidence in the arbitration. The potential probative value of the discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig.,* Civil Action No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017). ImageFIRST further objects to this request because it seeks the disclosure of confidential information that is protected by the right to privacy or that otherwise deserves protection from public disclosure. ImageFIRST further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or

any other applicable privilege, immunity, or doctrine. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties in the arbitration. ImageFIRST further objects to this request because it is impermissibly compound.

**REQUEST NO. 10:**

All documents sufficient to identify each customer or prospective customer with whom Brosnan communicated or to whom Brosnan sold products or services while employed by ImageFIRST.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential information that is protected by the right to privacy or that otherwise deserves protection from public disclosure. ImageFIRST further objects to this request because it is vague and ambiguous in its request for all documents "sufficient to identify" every current or prospective ImageFIRST customer. ImageFIRST further objects to this request because it does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this request because it is overly broad and unduly burdensome as drafted, including by seeking documents that are not material to the arbitration. ImageFIRST further objects to this request because it is impermissibly compound. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request calls for ImageFIRST to review and consider for production virtually every email, message, other communication, word processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by Brosnan during his entire employment with ImageFIRST because such documents may constitute "communications" with customers or prospects or the sale

of products or services by Brosnan during his employment or created after his start date, regardless of whether such document could be deemed material evidence in the arbitration. The potential probative value of the discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig.,* Civil Action No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017).

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST will consult with Respondent to (i) identify the Cintas customers he serviced during the last two years of his employment with Cintas, and (ii) determine whether Respondent has communicated with or sold products or services to such customers during his employment with ImageFIRST. ImageFIRST will supplement its response to this request following its consultation with Respondent.

**REQUEST NO. 11:**

All documents sufficient to identify all current and former ImageFIRST customers during Brosnan's period of employment.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it is vague and ambiguous in its request for all documents "sufficient to identify" every current or former ImageFIRST customer. ImageFIRST further objects to this request because it does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this request because it is overly broad and unduly burdensome as drafted, including by seeking documents that are not material to the arbitration. ImageFIRST further objects to this request on the ground that,

as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request calls for ImageFIRST to review and consider for production virtually every email, message, other communication, word processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by any current or former ImageFIRST employee, customer, potential customer, former customer, or other person during Brosnan's entire employment, regardless of whether any such document could be deemed material evidence in the arbitration. The potential probative value of the discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig.,* Civil Action No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017).

**REQUEST NO. 12:**

All documents and communications concerning ImageFIRST's actual or potential competition with Cintas, including identification of particular customers or potential customers for which ImageFIRST and Cintas are competing, the products or services with respect to which ImageFIRST and Cintas are competing, and related competitive analyses, strategy documents, and communications.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request because the request does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this

request because it is overly broad and unduly burdensome as drafted, including by seeking documents that are not material to the arbitration. ImageFIRST further objects to this request because it is impermissibly compound. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request calls for ImageFIRST to review and consider for production virtually every email, message, other communication, word processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by any current or former ImageFIRST employee, customer, potential customer, former customer, or other person during ImageFIRST's entire history, regardless whether such document could be deemed material evidence in the arbitration. The potential probative value of the discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig.,* Civil Action No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017).

**REQUEST NO. 13:**

All documents sufficient to identify, reflect, or describe the ImageFIRST products and services for which Brosnan has or will have direct or indirect oversight, administration and/or responsibility at ImageFIRST.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request because it is vague and

ambiguous in its request for "all documents sufficient to identify" every product or service for which Respondent has any responsibility at ImageFIRST. ImageFIRST further objects to this request because it does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this request because it is overly broad and unduly burdensome as drafted, including by seeking documents that are not material to the arbitration. ImageFIRST further objects to this request because it is impermissibly compound.

**REQUEST NO. 14:**

All documents sufficient to identify Brosnan's participation, input, or involvement in any customer solicitations, including but not limited to, each customer and prospective customer with which Brosnan has communicated in any way, and any bids, proposals, and quotes furnished with respect to any such customer or prospective customer.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request because it is vague and ambiguous in its request for "all documents sufficient to identify" any alleged solicitation of ImageFIRST's customers. ImageFIRST further objects to this request because it does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request calls for ImageFIRST to review and consider for production virtually every email, message, other communication, word

processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by any current or former ImageFIRST employee, customer, potential customer, former customer, or other person during Brosnan's entire employment, regardless of whether such document could be deemed material evidence in the arbitration. The potential probative value of the discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig.,* Civil Action No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017). ImageFIRST further objects to this request because it is impermissibly compound. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties in the arbitration. ImageFIRST further objects to this request because it is duplicative of Request No. 10.

**REQUEST NO. 15:**

All documents sufficient to identify Brosnan's participation, input, or involvement in any solicitation, recruitment, communication, and/or hiring, or any attempted solicitation, recruitment and/or hiring, of any current or former Cintas employee.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request because it is vague and ambiguous in its request for "all documents sufficient to identify" any alleged solicitation of Cintas employees by Respondent. ImageFIRST further objects to this request because it does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this request

because it is overly broad and unduly burdensome as drafted, including by seeking documents that are not material to the arbitration.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST will consult with Respondent to determine whether he has participated in, or been involved with, the solicitation, recruitment, or hiring of any Cintas employees who worked at any location where Respondent worked during the last two years of his employment with Cintas. ImageFIRST will supplement its response to this request following its consultation with Respondent.

Dated: July 8, 2026

Respectfully submitted,

**BAKER & McKENZIE LLP**

By: *<u>/s/Joseph T. Charron Jr.</u>*
Joseph T. Charron Jr.
300 East Randolph Street, Suite 5000
Chicago, IL 60601

*Attorney for Non-Party ImageFIRST Healthcare Laundry Specialists, LLC*

**CERTIFICATE OF SERVICE**

I certify that on the 8th day of July 2026 a true and correct copy of the foregoing was served via electronic mail on all counsel of record as follows:

Nicholas Armington
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
Nicholas.Armington@jacksonlewis.com

*Attorney for Claimant Cintas Corporation*

*/s/ Joseph T. Charron Jr.*
Joseph T. Charron Jr.