# Exhibit D

**Armington, Nicholas (Boston)**

| | |
|---|---|
| **From:** | Armington, Nicholas (Boston) |
| **Sent:** | Thursday, August 20, 2026 8:09 PM |
| **To:** | Charron, JT |
| **Cc:** | Samuel, Robin J; Paterniti, Stephen T. (Boston) |
| **Subject:** | Cintas v. Brosnan - IF Subpoena |

JT,

Thank you for the call on Tuesday on ImageFIRST's response to the subpoena in the Cintas v. Brosnan arbitration and the associated protective order addendum ImageFIRST has requested. I write to memorialize our conversation.

First, we discussed Cintas' proposed edits to the draft addendum to the stipulated protective order and you committed to turn counter edits by the end of this week or early next so that we could continue to work toward finalization of that addendum.

Second, we discussed ImageFIRST's responses to each of the subpoena topics. Those discussions are briefly summarized below:

Topic 1: In response to this request, ImageFIRST committed to producing documents in Brosnan's personnel file that reflect his position and job duties with ImageFIRST and indicated that it plans to produce these, and all other documents that will be produced in response to the subpoena, at 9 am on the first day of the hearing in the arbitration, and no earlier despite Cintas' request that ImageFIRST produce the documents earlier than the start of the hearing. Cintas committed to providing its preferred production format to ImageFIRST and preferred method of receiving the production.

Topic 2: In response to this request, ImageFIRST committed to producing documents containing job descriptions for each position Mr. Brosnan has held at ImageFIRST.

Topic 3: ImageFIRST indicated that it was standing on its objections and would not produce documents in response to this request, but would consider a narrowed scope for this topic.

Topic 4: In response to this request, ImageFIRST committed to producing Brosnan's offer letter that sets forth his base pay and bonus structure. ImageFIRST will also confirm that there is no commission plan associated with Brosnan's compensation at ImageFIRST

Topics 5, 6 & 15: ImageFIRST indicated that is has not yet discussed with Brosnan whether he retained any Cintas documents or information after his employment with Cintas ended, whether he disclosed or provided any such documents to ImageFIRST, and whether he participated or was involved in any solicitation, recruitment, communication, or hiring of any former Cintas employee. ImageFIRST committed to have this discussion the near future and we ask that this conversation take place by the beginning of next week.

Topics 7-9, 11-14: ImageFIRST indicated that it was standing on its objections and would not produce documents in response to these requests, but would consider a narrowed scope for these topics.

Topic 10: ImageFIRST asked that Cintas provide a list of its customers as of Brosnan's separation from Cintas to compare with a list of customers Brosnan would provide to ImageFIRST counsel to identify any overlap in those respective customer lists. Cintas indicated that it was not inclined to provide a list of its customers to counsel for ImageFIRST, but indicated it would revert to the extent that position changed. ImageFIRST's response further indicates that outside counsel will consult with Brosnan to identify Cintas customers he serviced during the last two years of his employment with Cintas and Cintas requested that ImageFIRST's counsel not have that specific conversation with Brosnan until approved in advance by Cintas.

Regards,

Nick

**Nicholas Armington**
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza
4th Floor
Boston, MA 02116
Direct: (617) 305-1241 | Main: (617) 367-0025
Nicholas.Armington@jacksonlewis.com | www.jacksonlewis.com