# Exhibit E

# American Arbitration Association

| | | |
|---|---|---|
| CINTAS CORPORATION,<br><br>Claimant,<br><br>v.<br><br>BRIAN BROSNAN,<br><br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **NON-PARTY IMAGEFIRST HEALTHCARE LAUNDRY SPECIALISTS, LLC'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO CINTAS CORPORATION'S REQUESTS FOR DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM**<br><br>AAA Case Number 01-25-0002-1633 |

Non-Party ImageFIRST Healthcare Laundry Specialists, LLC hereby submits the following supplemental responses to Claimant Cintas Corporation's Requests for Documents Pursuant to Subpoena Duces Tecum.

## I. GENERAL OBJECTIONS

ImageFIRST incorporates by reference the General Objections set forth in its July 8, 2026 Responses and Objections to Claimant's Requests for Documents Pursuant to Subpoena Duces Tecum as though fully set forth herein.

## II. RESPONSES AND SPECIFIC OBJECTIONS

**REQUEST NO. 5:**

All Cintas-related documents that Brosnan disclosed or provided to ImageFIRST.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it is overly broad, vague, and ambiguous in its use of the phrases "Cintas-related documents" and "disclosed or provided." ImageFIRST further objects to this request because it does not describe the documents requested with sufficient particularity. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration

and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it is cumulative and duplicative of discovery between the parties in the arbitration.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST is not aware of any documents responsive to this request in its knowledge, possession, custody, or control. ImageFIRST states that it will consult with Respondent to determine whether he retained any Cintas documents or information after his employment with Cintas ended and whether he disclosed or provided any such documents to ImageFIRST. ImageFIRST will supplement its response to this request following its consultation with Respondent.

**SUPPLEMENTAL RESPONSE**:

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: After consultation with Respondent at Claimant's request, ImageFIRST has not identified any documents responsive to this request.

**REQUEST NO. 6:**

All Cintas-related documents Brosnan kept, maintained, stored and/or electronically saved at ImageFirst [*sic*].

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request because it is overly broad, vague, and ambiguous in its' request for all "Cintas-related documents." ImageFIRST further objects to this request because it is duplicative of request number 5, and cumulative and duplicative of discovery between the parties in the arbitration. ImageFIRST

further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it seeks documents outside of ImageFIRST's knowledge, possession, custody, or control.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST is not aware of any documents responsive to this request in its knowledge, possession, custody, or control. ImageFIRST states that it will consult with Respondent to determine whether he retained any Cintas documents or information after his employment with Cintas ended and he has stored or saved such documents or information on ImageFIRST's systems. ImageFIRST will supplement its response to this request following its consultation with Respondent.

**SUPPLEMENTAL RESPONSE**:

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: After consultation with Respondent at Claimant's request, ImageFIRST has not identified any documents responsive to this request.

**REQUEST NO. 10:**

All documents sufficient to identify each customer or prospective customer with whom Brosnan communicated or to whom Brosnan sold products or services while employed by ImageFIRST.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential information that is protected by the

right to privacy or that otherwise deserves protection from public disclosure. ImageFIRST further objects to this request because it is vague and ambiguous in its request for all documents "sufficient to identify" every current or prospective ImageFIRST customer. ImageFIRST further objects to this request because it does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this request because it is overly broad and unduly burdensome as drafted, including by seeking documents that are not material to the arbitration. ImageFIRST further objects to this request because it is impermissibly compound. ImageFIRST further objects to this request on the ground that, as drafted, the request is overly broad and will impose undue burden and expense on ImageFIRST, a third party to the arbitration. The request calls for ImageFIRST to review and consider for production virtually every email, message, other communication, word processing document, spreadsheet, presentation, or other document sent to, received by, created by, or edited by Brosnan during his entire employment with ImageFIRST because such documents may constitute "communications" with customers or prospects or the sale of products or services by Brosnan during his employment or created after his start date, regardless of whether such document could be deemed material evidence in the arbitration. The potential probative value of the discovery sought in this request is clearly and substantially outweighed by the burden and expense imposed on third party ImageFIRST. *See, e.g., In re Asacol Antitrust Litig.,* Civil Action No. 15-12730-DJC, 2017 U.S. Dist. LEXIS 225917, at *36 (D. Mass. June 14, 2017).

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST will consult with Respondent to (i) identify the Cintas customers he serviced during the last two years of his employment with Cintas, and (ii) determine whether Respondent has communicated with or sold products or services to such customers during his

employment with ImageFIRST. ImageFIRST will supplement its response to this request following its consultation with Respondent.

**SUPPLEMENTAL RESPONSE**:

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST was instructed by Claimant's counsel not to consult with Respondent regarding this Request and is therefore unable to supplement its response to this Request.

**REQUEST NO. 15:**

All documents sufficient to identify Brosnan's participation, input, or involvement in any solicitation, recruitment, communication, and/or hiring, or any attempted solicitation, recruitment and/or hiring, of any current or former Cintas employee.

**RESPONSE:**

ImageFIRST hereby incorporates its General Objections. ImageFIRST further objects to this request to the extent it seeks disclosure of confidential, proprietary, and trade secret information of a non-party. ImageFIRST further objects to this request because it seeks documents that are not material to the arbitration and go beyond the scope of the issues raised in Claimant's Demand for Arbitration. ImageFIRST further objects to this request because it is vague and ambiguous in its request for "all documents sufficient to identify" any alleged solicitation of Cintas employees by Respondent. ImageFIRST further objects to this request because it does not describe the requested documents with sufficient particularity. ImageFIRST further objects to this request because it is overly broad and unduly burdensome as drafted, including by seeking documents that are not material to the arbitration.

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: ImageFIRST will consult with Respondent to determine whether he has participated in, or been involved with, the solicitation, recruitment, or hiring of any Cintas employees who worked at any location where Respondent worked during the last two years of his employment with Cintas. ImageFIRST will supplement its response to this request following its consultation with Respondent.

**SUPPLEMENTAL RESPONSE**:

Subject to and without waiving the foregoing general and specific objections, ImageFIRST responds as follows: After consultation with Respondent at Claimant's request, ImageFIRST has not identified any documents responsive to this request.

Dated: September 4, 2026

Respectfully submitted,

**BAKER & McKENZIE LLP**

By: */s/Joseph T. Charron Jr.*
Joseph T. Charron Jr.
300 East Randolph Street, Suite 5000
Chicago, IL 60601

*Attorney for Non-Party ImageFIRST Healthcare Laundry Specialists, LLC*

**CERTIFICATE OF SERVICE**

I certify that on the 4th day of September 2026 a true and correct copy of the foregoing was served via electronic mail on all counsel of record as follows:

Nicholas Armington
JACKSON LEWIS P.C.
75 Park Plaza, 4th Floor
Boston, MA 02116
Nicholas.Armington@jacksonlewis.com

*Attorney for Claimant Cintas Corporation*

*/s/ Joseph T. Charron Jr.*
Joseph T. Charron Jr.