# Exhibit 1

**From:** Armington, Nicholas (Boston) <Nicholas.Armington@jacksonlewis.com>
**Sent:** Monday, June 15, 2026 6:21 PM
**To:** Charron, JT
**Cc:** Samuel, Robin J; Paterniti, Stephen T. (Boston)
**Subject:** [EXTERNAL] RE: Cintas v. Brosnan - subpoena to ImageFIRST

JT,

Thanks again for the call last week. We agree to the June 30 deadline for ImageFIRST to formally respond to the subpoena and we will look out for your proposed edits to the protective order. I have also provided additional clarifying responses to your summary of our discussion of the individual subpoena requests below. While we agree to consider compiling search terms to aid in your collection and production of responsive documents, your obligation to produce the responsive documents in ImageFIRST's possession, custody, or control are not limited to the documents identified through the application of search terms to ImageFIRST's electronic repositories and, as set forth in the subpoena, you are obligated to "produce all documents in accordance with the [requests set forth in] Exhibit 'A'" to the subpoena. Our responses to your proposals as to each subpoena request are as follows:

**Request 1** – This request directs production of Brosnan's personnel file. While we do not need the particulars concerning Mr. Brosnan's health insurance elections produced, as discussed on the call, ImageFIRST's response to this request cannot be artificially limited to ImageFIRST's unilateral determination of what is or is not relevant to the underlying allegations in the arbitration. As such, we request the production of Mr. Brosnan's entire personnel file, with the exception of information concerning his election of health insurance coverage, including but not limited to information concerning Mr. Brosnan's hiring package, negotiations about same, his compensation from ImageFIRST, any agreements between Mr. Brosnan and ImageFIRST, any acknowledgement by Mr. Brosnan of ImageFIRST's policies, any documentation reflecting Mr. Brosnan's job description and/or responsibilities at ImageFIRST, and any performance reviews Mr. Brosnan has received during his time at ImageFIRST. To the extent ImageFIRST is withholding any categories of information in response to this request, we ask that you provide those categories so we may seek court assistance, as necessary.

**Request 2** – While we appreciate your commitment to produce documents reflecting Mr. Brosnan's job description at ImageFIRST, your proposed scope of production is too narrow. In addition to a job description, a fulsome response to this request includes at least documents sufficient to show all of Mr. Brosnan's duties and responsibilities in every role he has held at ImageFIRST. To the extent the documentation in ImageFIRST's possession, custody, or control showing this information is contained in ImageFIRST emails, communications, and/or other internal documentation, we ask that all such information be produced, as required under the terms of the subpoena.

**Request 3** – We appreciate your commitment to communicate with ImageFIRST concerning ImageFIRST's decision making process in recruiting and hiring Mr. Brosnan. To be clear, this request is not limited to documentation indicating "whether the hiring decision related to Mr. Brosnan's knowledge or possession of Cintas confidential information." To the extent such information is in ImageFIRST's possession, custody, or control, it must be produced, however this request is broader and seeks documentation sufficient to show the overall decision-making process, criteria, and reasons for hiring

Mr. Brosnan. For example, and without limitation, the underlying allegations in the matter include that Mr. Brosnan will inevitably use the proprietary knowledge acquired over a 16 year career at Cintas to compete at ImageFIRST where his responsibilities are similar to those he had at Cintas and thus, to the extent Mr. Brosnan's extensive knowledge developed over many years at Cintas was a factor in the decision making process concerning the hiring and recruitment of Mr. Brosnan, documentation reflecting that decision making process, to the extent it exist, must be produced. By way of further example, to the extent documentation exists reflecting ImageFIRST's expectation that Brosnan's customer relationships from his time at Cintas would be valuable to ImageFIRST upon Brosnan's move, that information is also responsive and must be collected and produced.

**Request 4** – While we appreciate your commitment to produce Mr. Brosnan's offer letter in unredacted form, this request is not limited to production of Mr. Brosnan's offer letter, nor is it limited to documentation reflecting Mr. Brosnan's compensation at the time of his hiring. This request seeks documentation evidencing the compensation and/or remuneration that Mr. Brosnan has or could potentially receive by way of his employment with ImageFIRST and at least is relevant to the financial motivation Mr. Brosnan had to leave Cintas and misappropriate or otherwise improperly use Cintas confidential information.

**Request 5-6** – These requests seek the Cintas-related documents that Brosnan kept following his departure from Cintas and/or has provided to ImageFIRST. These requests are highly relevant to Cintas' allegations of trade secret theft and should be able to be easily addressed through conversations with Mr. Brosnan and ImageFIRST to identify the universe of Cintas-related documentation Mr. Brosnan has disclosed or provided to ImageFIRST, or otherwise retained on ImageFIRST's systems. As such, while we agree to ImageFIRST's searching Mr. Brosnan's Outlook, Teams, and OneDrive data with the term "Cintas" and all other search terms Cintas provides, in due course, please confirm ImageFIRST will also inquire of Mr. Brosnan as to the existence and such material and will produce that material to the extent is exists in any ImageFIRST document repository.

**Request 7** – This request seeks all documents Mr. Brosnan created or edited at ImageFIRST. Given the volume of documentation Mr. Brosnan misappropriated from Cintas and the anticipated similarity of his job responsibilities at Cintas and ImageFIRST, in addition to searching all Mr. Brosnan's data using search terms to be provided, ImageFIRST must also determine and provide the number and categories of non-email documents Mr. Brosnan has created and/or edited during his time at Cintas, so that we may understand the scope and volume of potentially responsive material. We ask that ImageFIRST undertake this action immediately.

**Request 8** – While we appreciate your commitment to search Mr. Brosnan's Outlook, Teams, and OneDrive data using the term "Cintas" and the other search terms we provide in due course to identify documents responsive to this request, that proposal will artificially limit the scope of responsive documents because the request seeks not only documents Brosnan has on his own personal network locations but documents in other ImageFIRST network locations that are not personal to Mr. Brosnan. As such, we demand that you immediately determine and provide the number of non-email documents Mr. Brosnan has accessed at ImageFIRST in relation to his job duties at ImageFIRST so that we can understand the scope of volume of responsive material, and further request the search terms we provide be applied not just to Mr. Brosnan's personal network locations but to all network locations Mr. Brosnan has accessed since beginning work for ImageFIRST.

**Request 9** – This request is narrowly tailored to seek those documents, including presentations, proposals, and marketing materials, that Mr. Brosnan has used in any sales related role(s) at ImageFIRST, and are relevant to a determination of whether Mr. Brosnan has incorporated any of the information misappropriated from Cintas into any sales-related materials he has prepared or utilized at ImageFIRST. Again, we believe simply applying the search term "Cintas" to Mr. Brosnan's personal network locations will artificially limit the scope of responsive material and, as such, ask that in addition to applying the provided search terms to electronic data repositories that Mr. Brosnan has access to by way of his employment at ImageFIRST, that ImageFIRST further produce all sales-related presentations, proposals, and marketing materials Mr. Brosnan has utilized in his work at ImageFIRST.

**Requests 10-11, 14** – These requests seek documents sufficient to identify current and prospective customers of ImageFIRST that Brosnan has communicated with or sold products or services to while working for ImageFIRST and the sales-related material furnished to those customers. We disagree that searching Mr. Brosnan's Outlook, Teams, and OneDrive databases using the term "Cintas" will produce responsive information these requests, and disagree that Cintas has any obligation to provide its own list of customers in connection with a subpoena directed to ImageFIRST. That said, we would agree to narrow these requests to a list of each customer or prospective customer with which Brosnan has communicated since beginning work at ImageFIRST or has had any involvement in the sale of any products or services, directly or indirectly, and the sales-related documents provided to each of those customers or prospective customers.

**Request 12** – This request seeks documentation reflecting ImageFIRST's competition with Cintas, including the identification of the customers and the products and services with respect to which the two companies compete. We disagree that searching Mr. Brosnan's Outlook, Teams, and OneDrive databases using the term "Cintas" will produce responsive information to these requests and also disagree that Cintas has any obligation to provide its own list of customers in connection with a subpoena directed to ImageFIRST. As such, we ask that ImageFIRST produce the responsive documents in its possession, custody, or control responsive to this request, as written.

**Request 13** – This request seeks documentation identifying the products and services over which Brosnan has had or will have responsibility at ImageFIRST. We disagree that searching Mr. Brosnan's Outlook, Teams, and OneDrive databases using the term "Cintas" will produce responsive information these requests or providing the names of the customers Mr. Brosnan serviced while at Cintas will lead to the production of documentation responsive to this request. As such, we request that ImageFIRST produce the documents in its possession, custody, or control responsive to this request.

**Request 15** – This request seeks documentation sufficient to demonstrate Brosnan's involvement in the solicitation, recruitment, or hiring of current or former Cintas employees. We disagree that searching Mr. Brosnan's Outlook, Teams, and OneDrive databases using the term "Cintas" will produce responsive information to this request, nor do we believe Cintas is required to provide the names of employees that Brosnan may have solicited, at least because Cintas does not know which employees Brosnan has solicited, and as such Cintas would potentially have to provide all its employees' names as search terms. It would be far less burdensome for ImageFIRST to communicate with Mr. Brosnan to determine what Cintas employees he has been in contact with after beginning work at ImageFIRST, and then running those names against Mr. Brosnan's communications and producing the results of that search.

We are available at your convenience to discuss any questions you may have on any of the clarifications set forth above. Please let us know your availability for a further meet and confer to discuss the above clarifications and requests.

Regards,

Nick

**Nicholas Armington**
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza
4th Floor
Boston, MA 02116
Direct: (617) 305-1241 | Main: (617) 367-0025
Nicholas.Armington@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Charron, JT <JT.Charron@bakermckenzie.com>
**Sent:** Tuesday, June 9, 2026 5:15 PM
**To:** Armington, Nicholas (Boston) <Nicholas.Armington@jacksonlewis.com>
**Cc:** Samuel, Robin J <Robin.Samuel@bakermckenzie.com>; Paterniti, Stephen T. (Boston) <Stephen.Paterniti@jacksonlewis.com>; Charron, JT <JT.Charron@bakermckenzie.com>
**Subject:** RE: Cintas v. Brosnan - subpoena to ImageFIRST

Nick,

Thanks again for the call this morning. Below is a summary of our discussion.

First, we agreed to extend ImageFIRST's deadline to respond to the subpoena while the parties work to resolve the scope of search terms and other issues we discussed today. So that we have a date certain to calendar, we propose extending ImageFIRST's deadline to respond to the subpoena to June 30, 2026, but please confirm that date. If we need additional time to meet and confer or respond, we can work that out later.

As discussed, we will circulate our proposed amendment to the protective order later this week.

You will provide any additional proposed search terms after conferring with your client. You also will seek permission to produce the Excel file referenced in Zucker's declaration that lists the files supposedly accessed by Mr. Brosnan in January 2025. You said this file had been produced in the arbitration in discovery.

Below are additional points about specific requests.

Best,
JT

******************

- **Request No. 1** – We will review Mr. Brosnan's personnel file to determine if it contains any information that might be relevant to the arbitration. You informed us you do not need the details of Mr. Brosnan's insurance coverage. We discussed how personnel files might be relevant to the arbitration proceedings, and you mentioned that documents such as performance reviews may shed light on the duties performed by Mr. Brosnan at ImageFIRST. We will review the files with that in mind, but do not agree to a general production of private and confidential personnel information that does not bear on the claims and counterclaims in the arbitration.
- **Request No. 2** – ImageFIRST will agree to produce the job descriptions applicable to Mr. Brosnan's positions with ImageFIRST. We will confer with ImageFIRST regarding whether any additional documents summarize Mr. Brosnan's general duties and responsibilities. We do not agree to a broad production of all emails, communications, or other documents that might tangentially or indirectly show Mr. Brosnan's daily activities as an employee.
- **Request No. 3** – We will confer with ImageFIRST regarding the extent to which documents exist regarding Mr. Brosnan's recruitment and hiring. We understand you are looking for documents evidencing the reasons why ImageFIRST hired Mr. Brosnan, and in particular, whether the hiring decision related to Mr. Brosnan's knowledge or possession of Cintas confidential information. We are confident there are no such documents, but will confirm.
- **Request No. 4** – ImageFIRST will agree to produce Mr. Brosnan's offer letter in the same form the document was produced in the PA litigation. We will confer with ImageFIRST about the existence of additional documents reflecting his compensation at the time he was hired. We do not agree to produce generic compensation plans, sales data, or other information concerning Mr. Brosnan's performance at ImageFIRST, as such information has no bearing on your case and is sensitive and confidential.
- **Request Nos. 5-6** – We proposed searching Mr. Brosnan's Outlook, Teams, and OneDrive data using the term "Cintas" to identify any Cintas-related documents. You indicated that the term Cintas may be too narrow, and will confer with your client regarding proposed additional search terms.
- **Request Nos. 7-14** – We explained that these requests are far too broad, and ImageFIRST will not agree to produce its customer, sales, and other data encompassed by the requests. We proposed searching Mr. Brosnan's data using the term "Cintas" and the names of clients he serviced during his employment with Cintas (this should be limited to a reasonable time period, such as the last two years of his employment). We will also consider using the file names listed in the Excel file for the forensic report prepared by Jared Zucker (which Excel file we have not seen) as search terms, subject to our review of the file names once the Excel file is produced to us.
- **Request No. 15** – We explained that the search term "Cintas" should capture documents responsive to this request. To the extent Cintas disagrees, you will propose a list of names of current or former Cintas employees to use as search terms (again, subject to reasonable time parameters and eliminating any Cintas employees who worked elsewhere between Cintas and ImageFIRST).

**JT Charron**
Partner, Employment and Compensation
Baker & McKenzie LLP
Direct: +1 312 861 8865
Mobile: +1 312 953 8353

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

---

**From:** Armington, Nicholas (Boston) <Nicholas.Armington@jacksonlewis.com>
**Sent:** Monday, June 8, 2026 12:16 PM
**To:** Charron, JT <JT.Charron@bakermckenzie.com>
**Cc:** Samuel, Robin J <Robin.Samuel@bakermckenzie.com>; Paterniti, Stephen T. (Boston) <Stephen.Paterniti@jacksonlewis.com>
**Subject:** [EXTERNAL] RE: Cintas v. Brosnan - subpoena to ImageFIRST

Thank you

**Nicholas Armington**
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza
4th Floor
Boston, MA 02116
Direct: (617) 305-1241 | Main: (617) 367-0025
Nicholas.Armington@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Charron, JT <JT.Charron@bakermckenzie.com>
**Sent:** Monday, June 8, 2026 1:15 PM
**To:** Armington, Nicholas (Boston) <Nicholas.Armington@jacksonlewis.com>
**Cc:** Samuel, Robin J <Robin.Samuel@bakermckenzie.com>; Paterniti, Stephen T. (Boston) <Stephen.Paterniti@jacksonlewis.com>; Charron, JT <JT.Charron@bakermckenzie.com>
**Subject:** RE: Cintas v. Brosnan - subpoena to ImageFIRST

Thanks Nick. I just sent an invite for tomorrow at noon eastern.

Best,
JT

**JT Charron**
Partner, Employment and Compensation
Baker & McKenzie LLP
Direct: +1 312 861 8865
Mobile: +1 312 953 8353

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.

---

**From:** Armington, Nicholas (Boston) <Nicholas.Armington@jacksonlewis.com>
**Sent:** Thursday, June 4, 2026 2:44 PM
**To:** Charron, JT <JT.Charron@bakermckenzie.com>
**Cc:** Samuel, Robin J <Robin.Samuel@bakermckenzie.com>; Paterniti, Stephen T. (Boston)

<Stephen.Paterniti@jacksonlewis.com>
**Subject:** [EXTERNAL] RE: Cintas v. Brosnan - subpoena to ImageFIRST

JT,

Thanks for your email. We are available from 11 am – 1 pm on both Monday and Tuesday next week to meet and confer with regard to the ImageFIRST subpoena.

Regards,

Nick

**Nicholas Armington**
Attorney at Law

**Jackson Lewis P.C.**
75 Park Plaza
4th Floor
Boston, MA 02116
Direct: (617) 305-1241 | Main: (617) 367-0025
Nicholas.Armington@jacksonlewis.com | www.jacksonlewis.com

---

**From:** Charron, JT <JT.Charron@bakermckenzie.com>
**Sent:** Wednesday, June 3, 2026 5:28 PM
**To:** Armington, Nicholas (Boston) <Nicholas.Armington@jacksonlewis.com>
**Cc:** Samuel, Robin J <Robin.Samuel@bakermckenzie.com>; Charron, JT <JT.Charron@bakermckenzie.com>
**Subject:** Cintas v. Brosnan - subpoena to ImageFIRST

Counsel,

We represent ImageFIRST with respect to the above-referenced subpoena. We will start gathering relevant documents, but need to amend the protective order in the arbitration to include ImageFIRST. We plan to send you our proposed revisions next week. We also want to meet and confer with you regarding the broad requests in the subpoena. Please let me know your availability Friday or early next week for a call to discuss.

Best,
JT

**JT Charron**
Partner, Employment and Compensation
Baker & McKenzie LLP
300 East Randolph Street, Suite 5000
Chicago, IL 60601 United States
Tel: +1 312 861 8865
Mobile: +1 312 953 8353
jt.charron@bakermckenzie.com

Baker McKenzie.

bakermckenzie.com | Facebook | LinkedIn | Twitter

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message. Please visit www.bakermckenzie.com/disclaimers for other important information concerning this message.